IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CARRIE FAYE LYNN DALTON,

        Plaintiff,

   v.                              Civil Action No.
                                       5:15-CV-0770 (DEP)

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.
_____

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

OLINSKY LAW GROUP            HOWARD OLINSKY, ESQ.
300 S. State Street                 PAUL B. EAGLIN, ESQ.
5th Floor, Suite 520
Syracuse, NY 13202

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN     KAREN T. CALLAHAN, ESQ.
United States Attorney          Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on April 20, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: April 22, 2016
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------x
CARRIE FAYE LYNN DALTON,

                              Plaintiff,

vs.                           5:15-CV-770

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                              Defendant.
-------------------------------------x
```

Transcript of a Decision held during a Telephone Conference on April 20, 2016, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | OLINSKY LAW GROUP<br>Attorneys at Law<br>300 S. State Street<br>Suite 420<br>Syracuse, New York  13202<br>  BY:  PAUL B. EAGLIN, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza, Room 3904<br>New York, New York  10278<br>  BY:  KAREN T. CALLAHAN, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1    (The following is an excerpt from the
2    telephone conference held on 4/20/16.)
3    (In Chambers, Counsel present via telephone.)
4    THE COURT:  As you know, this is a request for
5    judicial review under 42 United States Code Section 405(g).
6    The relevant facts are as follows:  The plaintiff was born in
7    January of 1980, is currently 36 years old, was 33 at the
8    time of the hearing.  She lives with a husband, two
9    daughters, 8 and 14 at the time of the hearing, and her
10   parents.  She's licensed to drive and does drive.  She has a
11   GED but no college coursework.  She last worked in March of
12   2010, although the disability report says February of 2009,
13   that's at page 200.  She worked six years for Dunkin Donuts,
14   four as a shift supervisor, in a position that required her
15   to be on her feet all or most of the day that she worked.
16   There's also indication that she had temporary work as a
17   cleaner in a factory, and as a customer service
18   representative for a pool and spa center.
19   She has been diagnosed with tarsal tunnel syndrome,
20   bilaterally, meaning in both feet.  She began to experience
21   that somewhere between 2005 and 2007, the record is somewhat
22   equivocal concerning that.  She's had at least five surgeries
23   on her feet, two on her right and three on her left, although
24   at the hearing, she testified at one point she had five
25   surgeries but later said six surgeries.  She does not use

13

1   orthotics, she wears regular sneakers.  She also complains of
2   back pain and migraine headaches and has a history of thyroid
3   cancer.  She suffers from obesity and has right knee pain.
4   She has in the past seen pain management specialists and does
5   use a TENS unit regularly.  She is or has been prescribed
6   hydrocodone, she was taking six pills a day at the time of
7   the hearing, morphine, tramadol, Neurontin, Flexeril, and for
8   depression, Cymbalta.
9           Procedurally, the plaintiff applied for Disability
10  Insurance benefits and SSI payments on March 8, 2012,
11  initially alleged an onset date of June 1, 2007.  The hearing
12  was conducted on December 3, 2013 by Administrative Law Judge
13  Marie Greener.  ALJ Greener issued a decision on February 4,
14  2014; it was unfavorable to the plaintiff.  The Social
15  Security Administration Appeals Council denied review on
16  April 21, 2015, making the ALJ's decision a final
17  determination of the agency.
18          In her decision, ALJ Greener applied the well-known
19  five-step protocol for determining disability.  She
20  determined that the plaintiff had not engaged in substantial
21  gainful activity since her alleged onset date, found that at
22  step two, that she suffers from severe impairments including
23  tarsal tunnel in both feet, degenerative disk disease in the
24  lumbar spine, left knee impairment, and obesity.  She
25  concluded, however, that none of those, either individually

1  or in combination, met or equaled any of the listed
2  presumptively disabling conditions set forth in the
3  regulations.
4         After surveying the medical evidence, ALJ Greener
5  concluded that plaintiff has the residual functional capacity
6  to lift and/or carry 10 pounds occasionally, sit for six
7  hours in an eight-hour day, and stand and/or walk for two
8  hours in an eight-hour day, and therefore could perform the
9  full range of sedentary work as defined in the regulations.
10        At step four, the ALJ concluded that plaintiff is
11 not capable of performing her past relevant work because her
12 past positions required her to stand a large portion of the
13 day.
14        At step five, the administrative law judge applied
15 the Medical Vocational Guidelines, or grids, and specifically
16 Rule 201.27, and concluded that a directed finding of no
17 disability was warranted.
18        As you know, my task is limited to determining
19 whether the correct legal principles were applied, and
20 whether substantial evidence supports the Commissioner's
21 determination.
22        The argument here centers upon two notes from
23 plaintiff's surgeon, one from March 6, 2008, and one from
24 April 27, 2007, instructing the plaintiff to elevate her foot
25 when sitting to avoid long periods -- and to avoid long

```
 1   periods of standing and sitting with her foot dangling.
 2   Those notes were several years back and prior to the relevant
 3   time period.
 4            More importantly, it's very clear that the notes
 5   relate to the surgery that was undergone and the recovery
 6   from that surgery, particularly the April 2007 note which is
 7   at page 466, it indicates that this is a postoperative visit
 8   to her surgeon when that note was made.  None of the later
 9   notes from either Dr. Popovici or Dr. Goriganti mentions this
10   limitation.  The RFC of course, in my view it is the
11   claimant's burden to establish her RFC.  There are no
12   treating sources that specifically opined within the relevant
13   period that this limitation continued.
14            I've looked at plaintiff's medical records
15   carefully, and for the most part, they reflect normal
16   findings including with respect to plaintiff's feet and lower
17   extremities, at 387, 389, 392, 396, 401, 407, 410, 413, 416,
18   419, 422, and 426.
19            Most critically and importantly, Dr. Ganesh in his
20   consultative report did not find any limitation in the
21   plaintiff's extremities, except a mild to moderate limitation
22   in walking and climbing which is consistent with sedentary
23   work and, or put another way, not inconsistent with sedentary
24   work.  Of course consultative exams can provide substantial
25   evidence and in this case, in my view, it does.  The reliance
```

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

1   on the grids was proper, there's no indication of
2   nonexertional limitations that would sufficiently erode the
3   job base upon which the grids are predicated to require the
4   testimony of a vocational expert.
5           So I conclude that the determination at issue is
6   supported by substantial evidence and therefore will grant
7   judgment on the pleadings to the defendant.  Appreciate your
8   excellent written and verbal presentations, and I look
9   forward to working with you both again in the future.  Thank
10  you.
11          MS. CALLAHAN:  Thank you, your Honor.
12          MR. EAGLIN:  Thank you, your Honor.
13              (Proceedings Adjourned, 10:28 a.m.)

1    CERTIFICATE OF OFFICIAL REPORTER
2
3
4        I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5    Official Realtime Court Reporter, in and for the
6    United States District Court for the Northern
7    District of New York, DO HEREBY CERTIFY that
8    pursuant to Section 753, Title 28, United States
9    Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16              Dated this 21st day of April, 2016.
17
18
19              /S/ JODI L. HIBBARD
20              JODI L. HIBBARD, RPR, CRR, CSR
                Official U.S. Court Reporter
21
22
23
24
25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547